**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**DERICK NEWTON,**

                **Petitioner,**        **09 Civ. 9818 (JGK)**

       - against -              **MEMORANDUM OPINION AND ORDER**

**WARDEN McCAULIFFE (Acting),**

                **Respondent.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

Derick Newton ("Petitioner") brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. The petitioner was convicted in the New York State Supreme Court, New York County, for the Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law section 220.39(1). The judgment was entered on September 10, 2007. As a predicate violent felony offender, the petitioner was sentenced to a term of six years imprisonment to be followed by a three-year term of post-release supervision. The petitioner's conviction was affirmed by the Appellate Division, First Department, and leave to appeal to the New York Court of Appeals was denied. People v. Newton, 872 N.Y.S.2d 106, 106 (App. Div.), leave to appeal denied, 909 N.E.2d 592, 592 (N.Y. 2009).

1

The petitioner subsequently made a motion pursuant to New York Criminal Procedure Law section 440.10 to vacate the judgment of conviction on the grounds that the trial court lacked subject-matter jurisdiction to decide his case because he was denied his right to testify before the grand jury in violation of New York Criminal Procedure Law section 190.50. By order dated August 21, 2009, the trial court denied the motion:

> Under CPL § 440.10(2)(c), the court must deny a motion to vacate judgment when there are sufficient facts on the record concerning the issue raised to have allowed that issue to have been reviewed on direct appeal. Here, the defendant relies entirely on facts that appear on the record. He has offered no justification for the failure to raise this issue on his appeal.

(Tarr Decl. Ex. G.)  Leave to appeal to the Appellate Division was denied on October 1, 2009.  (Tarr Decl. Ex. J.)

The petitioner asserts the following three claims in his habeas corpus petition: (1) the jury's guilty verdict was against the weight of the evidence; (2) the prosecutor's summation denied the petitioner a fair trial in violation of his due process rights; and (3) the trial court lacked subject-matter jurisdiction.  (Habeas Pet. ¶ 13.)

I.

The jury could reasonably have found the following facts. On December 9, 2006, the petitioner was arrested in front of 19

East 128th Street in Manhattan for assisting in the sale of crack cocaine to an undercover police officer. (Trial Tr. 39-40.)

Shortly after 8 p.m., the officer approached the petitioner outside a grocery store on the southwest corner of 130th Street and Madison Avenue and set up the drug purchase. (Trial Tr. 30, 32.) The undercover officer received support from a "ghost" officer who watched the entire transaction take place from a short distance away. (Trial Tr. 86-95.) The petitioner opened the door to the grocery store and called to Darrious Pettiford, who was inside, saying, "Yo come on, he needs some," indicating that the undercover officer had asked to purchase drugs. (Trial Tr. 32.) Pettiford exited the store and Pettiford, the petitioner, and the undercover officer walked down the block together. (Trial Tr. 33.) As they walked, Pettiford asked the undercover officer for money. The undercover officer gave him $30, and Pettiford handed him three clear plastic bags of crack cocaine. (Trial Tr. 33, 41.) While this was taking place, the petitioner was standing behind the undercover officer acting as a lookout. (Trial Tr. 33, 37.) The undercover officer then parted ways with the petitioner and Pettiford and informed his field team that he had made a positive buy. (Trial Tr. 38.) The petitioner and Pettiford were arrested by the field team approximately five to seven minutes later. (Trial Tr. 39.)

3

At trial, a jury found the petitioner guilty of the Criminal Sale of a Controlled Substance in the Third Degree. (Trial Tr. 169-170.)  The petitioner's judgment of conviction was affirmed by the Appellate Division, First Department, and leave to appeal was denied by the New York Court of Appeals. Newton, 872 N.Y.S.2d at 106; leave to appeal denied, 909 N.E.2d at 592.  The petitioner now brings a habeas corpus petition before this Court pursuant to 28 U.S.C. § 2254.  For the following reasons, the petition is denied.

II.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); see also Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

A state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite

4

to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000).

A state court decision involves "an unreasonable application of . . . clearly established Federal law" when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case . . . ." Jones v. Walsh, No. 06 Civ. 225, 2007 WL 4563443, at *5 (S.D.N.Y. Dec. 27, 2007) (quoting Williams, 529 U.S. at 407-08). To meet that standard, "the state court decision [must] be more than incorrect or erroneous . . . [it] must be objectively unreasonable." Jones, 2007 WL 4563443 at *5 (quoting Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). "[I]t is well established in [this] circuit that the objectively unreasonable standard of § 2254(d)(1) means that [a] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Cotto v. Herbert, 331 F.3d 217, 248 (2d Cir. 2003) (internal quotation marks omitted).

Because the petitioner is proceeding pro se, his petition is "read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v.

5

Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Muir v. New York, No. 07 Civ. 7573, 2010 WL 2144250, at *3-4 (S.D.N.Y. May 26, 2010).

A.

The petitioner first argues that his conviction was against the weight of the evidence because the police offered inconsistent testimony and the People failed to prove beyond a reasonable doubt that the petitioner acted in concert to sell cocaine. (Tarr Decl. Ex. A.) However, weight of the evidence is a state law claim and therefore is not properly before this Court. Douglas v. Portuondo, 232 F. Supp. 2d 106, 115 (S.D.N.Y. 2002) (challenges to the weight of the evidence do not assert a federal claim as required by 28 U.S.C. § 2254(a)).

> [A] habeas court must defer to the assessments of the weight of the evidence and credibility made by the jury . . . . A federal habeas court cannot address weight of the evidence claims because a challenge to a verdict based on the weight of the evidence is different from one based on the sufficiency of the evidence. Specifically, the weight of the evidence argument is a pure state law claim . . . .

Id. at 115-116 (internal quotation marks omitted).

B.

The petitioner's first claim may also be read to suggest a federal claim of insufficient evidence. See Douglas, 232 F. Supp. 2d at 113.  A petitioner challenging the sufficiency of the evidence supporting a conviction must overcome a "very heavy burden." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995).  A reviewing court must view "the evidence in the light most favorable to the prosecution," and may only grant habeas relief if the petitioner has shown that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 324 (1979); see also Hawkins v. West, 706 F.2d 437, 439 (2d Cir. 1983).  A reviewing court must defer to the jury in making "assessments of the weight of the evidence or the credibility of witnesses" and construe "all possible inferences that may be drawn from the evidence" in the prosecution's favor. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996); see also Muir, 2010 WL 2144250 at *4.

In reviewing the legal sufficiency of the evidence of a state conviction, this Court looks first to state law to determine the elements of the crime. Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999).  A person is guilty of the Criminal Sale of a Controlled Substance in the Third Degree "when he knowingly and unlawfully sells . . . a narcotic drug

7

. . . ."  N.Y. Penal Law § 220.39(1).  A person is criminally liable for the conduct of another when, "acting with the mental culpability required for commission thereof, he . . . intentionally aids such person in such conduct."  N.Y. Penal Law § 20.00.

Viewed in the light most favorable to the prosecution, the evidence produced at trial was sufficient for a rational trier of fact to find beyond a reasonable doubt that the petitioner played an active and important role in the sale of crack cocaine to the undercover police officer.  The testimony of the undercover officer who purchased the drugs provided a clear account of the petitioner's involvement throughout the transaction.  (Trial Tr. 32.)  The undercover officer's testimony was corroborated by that of the supporting "ghost" officer, who witnessed the undercover meet the defendant outside the grocery store and then observed the drug transaction take place from across the street.  (Trial Tr. 86-95.)  The ghost officer also followed the defendant and Pettiford at a half a block's distance until they were apprehended minutes later by the field team.  (Trial Tr. 96-98.)

The inconsistencies that the petitioner alleges in the police officers' testimony involve only minor details, and the credibility of the officers' testimony was properly for the jury to determine.  In sum, the evidence presented by the State was

clearly sufficient for the jurors to find the petitioner guilty. Because the evidence was sufficient to support beyond a reasonable doubt each element underlying the petitioner's involvement in the sale of crack cocaine, his conviction was neither contrary to nor involved an unreasonable application of clearly established federal law.

III.

The petitioner's second claim is that the prosecutor's summation deprived him of a fair trial when the prosecutor characterized the petitioner's behavior as "what drug dealers do," suggested that the jury could not acquit the petitioner, and unfairly commented on the evidence. (Trial Tr. 145.) The Appellate Division rejected these challenges to the summation finding they were unpreserved and "we decline to review them in the interest of justice." Newton, 872 N.Y.S.2d at 106. The court then proceeded, in "an alternative holding," to reject them on the merits. Id. at 106-107. "The challenged remarks generally constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, and the summation did not deprive defendant of a fair trial." Id. at 107.

It is well settled that where

> [A] state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural

9

> rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Lee v. Kemma, 534 U.S. 362, 375 (2002); Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003); Muir, 2010 WL 2144250 at *6-7.

In this case, the court explicitly relied on an independent state procedural ground in rejecting the petitioner's claim. Newton, 872 N.Y.S.2d at 106.  The Court of Appeals for the Second Circuit has found that the contemporaneous objection rule is an independent and adequate state ground for the rejection of the petitioner's claim.  See Rodriguez v. Schriver, 392 F.3d 505, 509-510 (2d Cir. 2004).  Accordingly, for this Court to grant habeas relief on a defaulted claim, the petitioner must demonstrate either (1) cause for and prejudice from the default, or (2) that a fundamental miscarriage of justice will result if this Court fails to hear the federal claim.  See also Muir, 2010 WL 2144250 at *6-7.

The petitioner can demonstrate cause only if he "can show that some objective failure external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  This cause "must be something external to the petitioner, something that cannot

fairly be attributed to him." Coleman, 501 U.S. at 753. While examples of such cause do include attorney error, "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default." Murray, 477 U.S. at 492.

The petitioner must also establish that he suffered actual prejudice. To establish actual prejudice, a petitioner must show that the constitutional violation alleged "worked to his actual and substantive disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982); see also Muir, 2010 WL 2144250 at *7.

The petitioner has failed to establish either cause or actual prejudice. The prosecutor's summation was a fair response to the defense counsel's statements and was not so inflammatory as to deprive the petitioner of a fair trial.

This is also not a case in which there is any showing that a fundamental miscarriage of justice would occur if the Court did not consider the petitioner's claim of a prejudicial summation.

Finally, even if the Court considers the petitioner's argument on the merits, the state court's alternative decision rejecting this claim on the merits was not an unreasonable interpretation of clearly established federal law. The prosecutor's summation did not rise to the level of misconduct

11

depriving the petitioner of a fair trial.  See United States v. Rahman, 189 F.3d 88, 140 (2d Cir. 1999) ("The Government has 'broad latitude in the inferences it may reasonably suggest to the jury during summation.'" (quoting United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir. 1989)).  "Accordingly, defendants who contend that a prosecutor's remarks warrant reversal 'face a heavy burden . . .'" Id. at 140 (quoting United States v. Locascio, 6 F.3d 924, 945 (2d Cir. 1993))).

IV.

Finally, the petitioner argues that the trial court lacked subject-matter jurisdiction to try his case after the hearing court improperly denied his pre-trial New York Criminal Procedure Law section 190.50(5)(c) motion.  (Habeas Pet. ¶ 13.) The petitioner's claim fails.  First, the claim is procedurally defaulted.  This claim was rejected by the trial court when it was raised in the New York Criminal Procedure Law section 440.10 motion because the petitioner had failed to raise it on appeal. This is an independent and adequate state law ground for rejecting the claim.  See Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995); see also Muir, 2010 WL 2144250 at *6.  The petitioner has not shown cause or prejudice that would excuse the procedural default, nor has he shown a miscarriage of justice from failing to consider the claim.

Second, the petitioner has failed to establish the violation of any federal constitutional right. The petitioner's claim is grounded on the alleged violation of his state law right to testify before the state grand jury and the provision of New York Criminal Procedure Law section 190.50(5)(c) that an indictment must be dismissed if that right is violated. This claim raises solely an issue of state law which is not cognizable in a petition for habeas corpus. Therefore, the claim that the trial court lacked subject-matter jurisdiction is dismissed.

Errors of state law are not cognizable in a federal habeas corpus proceeding. "This rule applies in full force to state jurisdictional statutes." Nieves v. Artuz, No. 97 Civ. 7792, 1999 WL 1489145, at *4 (S.D.N.Y. Oct. 22, 1999). "[C]laims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in federal court." Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989); "[C]laims of error relating to state grand jury proceedings are not cognizable on federal collateral review." Bramble v. Smith, No. 96 Civ. 5905, 1998 WL 395265, at *18 (S.D.N.Y. July 15, 1998). "A jury conviction transforms any defect connected with the grand jury's charging decision into harmless error, because the trial conviction establishes probable cause to indict and also

proof of guilt beyond a reasonable doubt." Fabre v. Taylor, No. 08 Civ. 5883, 2009 WL 162881, at *18 (S.D.N.Y. Jan. 20, 2009).

## CONCLUSION

For the reasons explained above, the petition for habeas corpus is **denied**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

Dated: New York, New York
June 21, 2010

　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　United States District Judge